**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

THE SAMUEL LAW FIRM
Michael Samuel, Esq. (MS 7997)
1441 Broadway, Suite 6085
New York, New York 10018
(212) 563-9884
Email: michael@thesamuellawfirm.com
*Attorneys for Plaintiff* (Pending Pro Hac Vice application)

LAW OFFICE OF REENA FORST
Reena Forst, Esq. (Attorney ID No. 016051992)
345 Union Street
Hackensack, New Jersey 07601
T/P: (201) 568-5689
Fax: (201) 568-4479
Email: rforst@rflawfirm.com
*Co-Counsel for Plaintiff*

| | |
|---|---|
| Ronel Luis Ortiz Medina,<br><br>*Plaintiff,*<br><br>v.<br><br>A Cozy Corner Cuban Bistro, LLC, Roger Sanchez, Luis Perez and Sofia Perez,<br><br>*Defendants.* | CASE NO. 2:26-cv-11294<br><br>COMPLAINT |

Plaintiff Ronel Luis Ortiz Medina (hereinafter, “Plaintiff” or “Medina”), brings this action by and through his undersigned attorneys, for his complaint against defendants A Cozy Corner Cuban Bistro, LLC, Roger Sanchez, Luis Perez and Sofia Perez (collectively hereinafter, “Defendants”), and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff Medina, a former employee of Defendants, pursuant to the Fair Labor Standards Act ( “FLSA”), 29 U.S.C. § 216(b), alleges that he is entitled to recover from Defendants, jointly and severally: (i) unpaid overtime compensation for hours worked in excess of forty (40) hours per

workweek for which he did not receive the statutory required overtime premium pay; and (ii) liquidated damages equal to the amount of unpaid wages, as provided by the FLSA, because the Defendants' various unlawful employment policies, patterns and/or practices were willful and lacked a good faith basis.

2. Plaintiff further complains that he is entitled to recover from Defendants: (i) compensation for wages paid at less than the statutory minimum wage, as required by the New Jersey State Wage and Hour Law ("NJWHL"), §§ 34:11-56a et seq. and New Jersey Wage Payment Law ("NJWPL"), § 34:11-4.2; (ii) unpaid overtime compensation for overtime work for which Defendants willfully failed to pay overtime premium pay, as required by the New Jersey Administrative Code ("NJAC") § 12:56-6.1 et seq. and NJWPL, § 34:11-4.2; and (iii) liquidated damages in the amount up to 200% of the actual unpaid wages due, as a result of Defendants' knowing and willful failures to pay wages of at least the minimum wage and overtime compensation, provide wage statements and hiring notices and to maintain accurate payroll records, as required by the NJWHL, NJWPL, and the New Jersey Wage Theft Law ("NJWTL").

3. As a result of the Defendants' willful violations above, Plaintiff further seeks to recover from Defendants reasonable attorneys' fees, expert fees, costs and disbursements incurred in connection with this action, pursuant to the FLSA, NJWHL, NJWPL, NJAC and NJWTL and interest as permitted by law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiff's New Jersey state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the

events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

**THE PARTIES**

6. Plaintiff Medina is an adult individual residing in Elizabeth, New Jersey.

7. Defendant A Cozy Corner Cuban Bistro, LLC (hereinafter, "A Cozy Corner"), is a New Jersey limited liability company, with a principal place of business at 101 Center Street, Garwood, New Jersey 07027.

8. At all times relevant herein, defendant A Cozy Corner has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. Upon information and belief, at all relevant times, defendant A Cozy Corner has had gross revenues in excess of $500,000.00.

10. Upon information and belief, at all relevant times herein, defendant A Cozy Corner has used goods and materials produced in interstate commerce and have employed at least two individuals who handled such goods and materials.

11. Upon information and belief, at all relevant times herein, defendant Roger Sanchez, (hereinafter, "Sanchez") is an adult individual who is an owner or part owner and principal of A Cozy Corner, and/or a manager of the business and has/had the power to hire and fire employees, set wages and work schedules, maintain employment records, and make payments to employees, including Plaintiff.

12. Upon information and belief, at all relevant times herein, defendant Luis Perez (hereinafter, "Perez") is an adult individual who is an owner or part owner and principal of A Cozy Corner, and/or a manager of the business and has/had the power to hire and fire employees, set wages

and work schedules, maintain employment records, and make payments to employees, including Plaintiff.

13. Upon information and belief, at all relevant times herein, defendant Sofia Perez (hereinafter, "S. Perez") is an adult individual who is an owner or part owner and principal of A Cozy Corner, and/or a manager of the business and has/had the power to hire and fire employees, set wages and work schedules, maintain employment records, and make payments to employees, including Plaintiff.

14. At all times relevant herein, defendant Sanchez has been involved in the day-to-day operations of A Cozy Corner and played active role in managing the business, scheduling, supervising and paying Plaintiff during his employment by Defendants.

15. At all times relevant herein, defendant Perez has been involved in the day-to-day operations of A Cozy Corner and played active role in managing the business, scheduling, supervising and paying Plaintiff during his employment by Defendants.

16. At all times relevant herein, defendant S. Perez has been involved in the day-to-day operations of A Cozy Corner and played active role in managing the business, scheduling, supervising and paying Plaintiff during his employment by Defendants.

17. At all relevant times herein, Defendants owned and operated a restaurant located at 101 Center Street, Garwood, New Jersey 07027, doing business under the name A Cozy Corner Cuban Bistro ("Restaurant").

18. At all relevant times herein, Defendants each constituted an "employer" of Plaintiff as that term is used in the Fair Labor Standards Act and New Jersey Labor Law.

## <u>FACTS</u>

19. Plaintiff was employed by Defendants from approximately April 15, 2024 until February

12, 2026, performing waitstaff services in Defendants' Restaurant.

20. During his employment by Defendants, from April 15, 2024 through December 2024, Plaintiff typically worked a regular schedule of six days per week as follows: Tuesday through Sunday, from 10:30 a.m. to 9:00 p.m.; typically working approximately 63 hours per week; with Monday off.

21. During his employment by Defendants, from January 2025 through February 12, 2026, Plaintiff typically worked a regular schedule of seven days per week as follows: Sunday through Saturday, 10:30 a.m. to 9:00 p.m.; typically working approximately 73.5 hours per week.

22. During his employment by Defendants, Plaintiff was paid bi-weekly by check at an hourly rate, which included the cash wage and gratuity, in the amount of approximately $750 per week.

23. Plaintiff has received the payments described herein above for all hours worked each week during his employment with Defendants, including hours worked in excess of forty hours per week, and never received any overtime compensation at a rate at least equal to one-and-one-half (1.5) times the greater of his regular rate of pay or the applicable New Jersey State minimum wage in effect for all hours he worked in excess of forty (40) hours in a workweek.

24. Furthermore, there were periods of time, from July 2024 through December 2024 and again in February 2026, where Plaintiff's checks were not honored and Defendants failed to pay Plaintiff at all, which amounts are to date still owed to Plaintiff.

25. During his employment with Defendants Plaintiff was never provided with a written notice that he would be taking a tip credit from the minimum wage upon Plaintiff's hiring or at any time thereafter.

26. Plaintiff received no paystubs or wage statements of any sort with his pay during his employment by Defendants.

**Defendants' General Unlawful Employment Practices**

27. Consistent with their regular business practices, policies and patterns as described herein, Defendants harmed Plaintiff as follows:

28. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay their employees proper minimum wages and overtime compensation.

29. As a result of Defendants' practices, throughout his employment by Defendants, Plaintiff's effective hourly rates of pay were below the applicable statutory New Jersey State minimum wage in effect at relevant times.

30. Defendants' failure to pay Plaintiff an amount at least equal to the applicable statutory New Jersey State minimum wage in effect during relevant time periods was willful and lacked a good faith basis, because Defendants set Plaintiff's work schedule and rate of pay and were aware that Plaintiff was not compensated at the applicable New Jersey State minimum wage during his employment for Defendants.

31. In addition, Defendants failed to pay Plaintiff his overtime compensation at rates at least equal to one-and-one-half (1.5) times the greater of Plaintiffs' regular rate of pay or the applicable New Jersey State minimum wage in effect for each of the hours they worked in excess of forty hours per workweek, in violation of the FLSA, the NJAC.

32. Defendants' failure to pay Plaintiff his overtime bonus for additional overtime hours he worked was willful and lacked a good faith basis, because Defendants set Plaintiff's work schedule and rate of pay and were aware that Plaintiff was working in excess of forty hours per week during his employment, without proper compensation.

33. Defendants' actions alleged herein were willful because Defendants are aware of, and by law are charged with, the knowledge that under the FLSA and NJWHL they are required to pay

employees performing non-exempt duties, including Plaintiff, proper minmum wage compensation and overtime pay at a one-and-one-half the applicable New Jersey State minimum wage for work in excess of forty (40) hours per work week, as evidenced by training materials, handbook, memos, or correspondence that discuss the FLSA and NJWHL.

34. Throughout Plaintiff's employment by Defendants, Defendants willfully failed to provide Plaintiff with a written notice providing the information including, inter alia, the Defendants' contact information, the regular and overtime rates, and intended allowances claimed - and failed to obtain Plaintiff's signature acknowledging the same upon Plaintiff's hiring, or at any time thereafter, in violation of the FLSA, NJWPL, NJWHL and NJWTL, causing him financial harm resulting from him not being informed of the actual amount of hours he worked and actual amount he has been paid on an hourly basis and the lawfully applicable rates of pay owed him at all relevant times herein.

35. Defendants also have failed to provide Plaintiff with a written notice that he would be taking a tip credit from the minimum wage upon Plaintiff's hiring or at any time thereafter.

36. Upon information and belief, at all relevant times herein, Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

37. Upon information and belief, throughout Plaintiff's employment by Defendants, Defendants willfully failed to provide Plaintiff with pay stubs and/or wage statements of any sort with his pay in violation of the FLSA, NJWPL, NJWHL and NJWTL.

38. Due to Defendants' failure to maintain full and accurate time records and provide wage notices and/or wage statements, Plaintiff was unable to determine his correct rate of pay, suffered confusion about his pay rate and overtime eligibility, and was unable to make informed decisions about his work hours, causing him to suffer actual monetary losses.

39. Upon information and belief, while Defendants employed Plaintiff, and through all

relevant time periods, Defendants failed to post or keep posted a notice explaining the minimum/regular wage pay rates, overtime pay rates and payday, as required by the FLSA, NJWHL and New Jersey State Department of Labor.

40. As a result of their unlawful regular business practices, Defendants have intentionally, willfully, repeatedly, and in bad faith violated the FLSA, NJWPL, NJWHL, NJAC and NJWTL, causing significant harm and damage to Plaintiff through a consistent pattern or policy of these violations.

**COUNT I**
**Violations of the Fair Labor Standards Act**
**(Failure to Pay Overtime Compensation)**

41. Plaintiff, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

42. At all times relevant hereto, Plaintiff has been a covered employee within the meaning of the FLSA.

43. At all times relevant to this action, Defendants were employers of Plaintiff within the meaning of the FLSA, NJWHL and other applicable laws.

44. Throughout the relevant time period, Plaintiff worked for Defendants in excess of forty (40) hours per workweek.

45. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

46. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an

additional equal amount as liquidated damages. 29 USC §216(b).

47. At all relevant times, Defendants had, and continue to have, a pattern and practice of regularly and repeatedly refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, the NJWHL and other applicable laws.

48. Defendants' willful and intentional failure to pay Plaintiff his overtime compensation constituted a willful violation of the FLSA, the NJWHL and other applicable laws, and lacked a good faith basis within the meaning of the FLSA and the NJWPL, because Defendants set Plaintiff's work schedule and compensation and were aware of the number of hours Plaintiff was working in excess of forty hours per week and that he was not compensated at the lawful overtime rate, during his employment for Defendants.

49. Due to Defendants' FLSA, NJWHL and NJWPL violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, equal to the amount of unpaid wages, as provided by the FLSA, reasonable attorneys' fees, costs and disbursements of this action, and such other legal and equitable relief as this Court deems just and proper.

## COUNT II
## Violations of New Jersey Wage and Hour Law (NJWHL)
## (Failure to Pay Minimum Wage)

50. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

51. At all relevant times, Plaintiff was employed by Defendants, and Defendants were employers of Plaintiff within the meaning of the NJWHL.

52. NJWHL §§ 34:11-56a et. seq. prescribes a minimum wage that employers must pay to their employees for the first forth hours worked in a workweek.

53. NJWHL § 34:11-4.10(c) and NJWHL § 34:11-56a25 provides that an employer who fails to pay the full amount of wages to an employee as required may be required to pay liquidated damages up to 200 percent of the wages due, interest and permitted by law, together with the reasonable attorney's costs and fees as determined by the court.

54. Defendants willfully violated the NJWHL by knowingly and intentionally failing to compensate Plaintiff at the minimum wage rate, in violation of the NJWHL.

55. Defendants' failure to compensate Plaintiff at the minimum wage rate required by the NJWHL was willful and lacked a good faith basis, within the meaning of the NJWHL, because Defendants set Plaintiff's work schedule and compensation, paid Plaintiff and therefore were aware that he was not compensated at the applicable New Jersey State minimum wage during his employment for Defendants.

56. Due to the Defendants' NJWHL violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages up to 200% of the unpaid portion of the full amount of wages due, interest as permitted by law, reasonable attorneys' fees and costs and disbursements of the action, as provided by the NJWHL, § 34:11-56a25, and interest as permitted by law.

**COUNT III**
**Violations of New Jersey Administrative Code (NJAC)**
**And Violation of New Jersey Wage and Hour Law (NJWHL)**
**(Failure to Pay Overtime Compensation)**

57. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

58. At all relevant times, Plaintiff has been employed by Defendants, and Defendants were employers of Plaintiff within the meaning of the NJWHL.

59. NJAC § 12:56-6.1 et seq. requires employers to compensate their employees at a rate

not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, whichever is greater, for any hours worked exceeding forty in a workweek.

60. NJWHL § 34:11-56a et seq. requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, whichever is greater, for any hours worked exceeding forty in a workweek.

61. NJWHL § 34:11-56a25 provides that an employer who fails to pay the full amount of overtime compensation to an employee as required may be required to pay liquidated damages up to 200 percent of the wages due, interest as permitted by law, together with the reasonable attorney's costs and fees as determined by the court.

62. Throughout the relevant time period, Plaintiff worked for Defendants in excess of forty (40) hours per workweek, each week, yet Defendants willfully and knowingly failed to pay overtime compensation to Plaintiff at one and one-half times the hourly rate to which Plaintiff is entitled, in violation of the NJWHL’s overtime provisions.

63. Defendants’ failure to pay Plaintiff overtime compensation was willful, and lacked a good faith basis, within the meaning of the NJAC and the NJWHL, because Defendants set Plaintiff’s work schedule and compensation and were aware of the number of hours Plaintiff was working in excess of forty hours per week and that he was not compensated at the lawful overtime rate, during his employment by Defendants.

64. Due to the Defendants’ NJAC and NJWHL violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages up to 200% of the unpaid portion of the full amount of wages due, interest as permitted by law, reasonable attorneys’ fees and costs and disbursements of the action pursuant to NJWHL §§34:11-56a *et seq.*

**COUNT IV**

**Violation of New Jersey Wage Payment Law (NJWPL)**
**(Failure to Pay Full Amount of Wages)**

65. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

66. At all relevant times, Plaintiff has been employed by Defendants, and Defendants were employers of Plaintiff within the meaning of the NJWHL.

67. NJWPL § 34:11-4.2 requires employers to "pay the full amount of wages due to [the] employees at least twice during each calendar month, on regular pay days designated in advance by the employer[.]"

68. Throughout the relevant time period, Plaintiff worked in excess of forty (40) hours per workweek, each week, yet Defendants paid Plaintiff only straight-time wages for most hours worked, at rates below the statutory minimum wage in effect during the relevant time periods, and failed to pay the overtime premium for all hours worked beyond forty per week, in violation of the NJWPL, and its implementing regulations.

69. As a result, Plaintiff has not been paid the full amount of wages due to him.

70. Defendants' failure to compensate Plaintiff in the full amount of wages due to him as required by the NJWPL, was willful, and lacked a good faith basis, within the meaning of NJWPL, Defendants set his work schedule and rate(s) of pay, and were aware that Plaintiff was working in excess of forty hours per week and that he was not compensated at the lawful minimum wage and overtime rate, during his employment for Defendants.

71. Due to the Defendants' NJWPL violations, Plaintiff is entitled to recover from Defendants the unpaid portion of the full amount of wages due to him, liquidated damages up to 200% of the unpaid portion of the full amount of wages due, reasonable attorneys' fees and costs and disbursements of the

action, as provided by the NJWHL, § 34:11-56a25, and interest as permitted by law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment granting the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful and in violation of the FLSA, NJWPL, NJWHL and NJWTL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. A compensatory award of unpaid minimum/regular wage compensation, at the applicable statutory rate, due under the NJWPL, NJAC and NJWHL;

d. A compensatory award of unpaid overtime compensation, at the statutory overtime rate, due under the FLSA, NJWPL and NJWHL;

e. An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay the applicable minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

f. An award of an additional amount of liquidated damages equal to 200% of the actual unpaid wages due, as recoverable by the NJWHL and NJWPL;

g. An award of reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b), the NJWPL §34:11-1, et seq., NJWHL §34:11-56a, et seq., and NJWTL §34:11-56a, et seq.;

h. An award of costs and disbursements incurred in connection with this action;

i. An award of prejudgment and post-judgment interest;

j. Such other, further, and different relief as this Court deems just and proper.

Dated: Hackensack, New Jersey
September 1, 2026

Respectfully submitted,

By: */s/ Reena Forst*

Reena Forst, Esq. (Attorney ID No. 016051992)
LAW OFFICE OF REENA FORST
345 Union Street
Hackensack, New Jersey 07601
T/P: (201) 568-5689
Fax: (201) 568-4479
Email: rforst@rflawfirm.com
*Attorneys for Plaintiff*